# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Tayzia Ramee H.,

     Plaintiff(s),

v.

Frank Bisignano,

     Defendant(s).

Case No. 2:25-cv-01130-NJK

**ORDER**

[Docket No. 21]

Pending before the Court is Plaintiff's motion to recover attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").  Docket No. 21.

"Although Plaintiff's fee request is not opposed, the Court has an independent obligation to review the reasonableness of the fee award." *Candy R. v. Bisignano*, 2025 WL 3173894, at *1 (D. Nev. Nov. 12, 2025) (collecting cases).  Fees awarded under the EAJA are determined based on the lodestar approach, except that the hourly rates are capped unless the Court in its discretion determines otherwise. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012); *see also* 28 U.S.C. § 2412(d)(2)(A).  Supporting the hourly rate for lodestar purposes requires the presentation of evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  The Ninth Circuit has held that "rate determinations in other cases [in that community], particularly those setting a rate for the [specific] attorney[s]" at issue, provide satisfactory evidence as to the prevailing hourly rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  The Court may also rely on its own familiarity with the prevailing rates. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

The hourly rates sought by Attorney Kalagian and Attorney Krank are in accordance with those awarded to them in other cases in this District.  *See* Docket No. 21 at 5-6 (listing cases).

1

Although somewhat on the high side, the hours documented for attorney work appear to be reasonable. *See* Docket No. 21-2 at 1.[1]

Accordingly, Plaintiff's motion for attorney's fees is **GRANTED**. Plaintiff is awarded attorney's fees in the amount of $9,300.

IT IS SO ORDERED

Dated: February 13, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The request to recover for paralegal work is more problematic. First, Plaintiff seeks to recover (albeit at a lower rate) for clerical work. *See* Docket No. 21-2 at 1; *but see, e.g.*, *Budge v. Saul*, 2021 WL 148993, at *2 (D. Nev. Jan. 15, 2021). Second, Plaintiff seeks an hourly rate of $179 for non-clerical work, which does not appear to reflect the prevailing rate in this community for similar services. *See* Docket No. 21-2 at 1; *but see, e.g.*, *Myra A. v. Comm'r of Soc. Sec.*, 2024 WL 3071150, at *2 (D. Nev. June 20, 2024) (finding paralegal hourly rate of $100 to be reasonable). Despite those apparent deficiencies, however, Plaintiff has still shown an entitlement to recover $9,300 even after exclusion of paralegal clerical time and after reducing the requested paralegal hourly rate to $100. *See* Docket No. 21-2 at 1 (providing proposed lodestar of $9,667.58, while seeking an award of $9,300).